Whitaker, Judge,
delivered the opinion of the court:
The plaintiff sues to recover increased costs due to the-enactment of the National Industrial Recovery Act. It en *234 tered into a contract with the defendant on August 9, 1933, to furnish certain silver-plated tableware. Later, on September 14,1933, the parties entered into a supplemental contract, under which the contractor was required to comply with the applicable approved codes of fair competition, or if none had been adopted, with the President’s Reemployment Agreement.
The plaintiff did not sign the President’s Reemployment Agreement and did not put its provisions into effect, but on August 7, 1933, it did put into effect the provisions of the Code adopted on August 2,1933, by the Silverware Manufacturers’ Institute, although this Code was not approved by the President until December 23,1933, and did not go into effect until December 25, 1933. This Code established a minimum wage of 35 cents an hour. In pursuance to the. Code, the plaintiff increased all wages below the minimum rates to the minimum rate established, and increased all day and piece-work rates in excess of the minimum rates by 15 percent. This was effective on August 7, 1933.
Plaintiff’s proof is insufficient to show the extent of the increase in its cost of performing its contract with the defendant as the result of the passage of the National Industrial Recovery Act.
As stated in the findings, all of its old cost records pertaining to this contract had been destroyed and were not available to show the actual increase in cost. In an effort to prove the increase, plaintiff introduced in evidence the claim it filed with the Comptroller General under the Act of June 16,1934, and its accountant’s figures upon the basis of which this claim was made; but the accountant who figured and prepared the claim was not called to the stand to verify the claim or his figures. (The proof shows that at the time of the taking of testimony the accountant was permanently and totally disabled and he was perhaps not available as a witness.)
In the absence of testimony verifying the claim and the computation, they cannot be received as proof of the facts shown thereon. There has been no opportunity for cross-examination of the party who made the figures and prepared *235 the claim. His figures show the estimated cost and the actual cost. The difference between the two is the amount claimed; but we are not informed by the evidence of the basis upon which the estimate was made. He figures, for instance, an hourly rate for labor of 49.5 cents, but whether or not these are the wages paid all the workmen who worked on this contract, or an average wage, does not appear. Presumably, all of those who worked on the contract were not paid exactly the same wage.
Nor does it appear whether or not this figure is the actual wage which plaintiff was paying at the time or whether it was the wage which the accountant figured they would have to pay. In all probability it was the latter, as appears from the following: As stated in the findings, the President’s Reemployment Agreement was promulgated on July 27, 1933. This agreement called for a maximum work week of 40 hours per week, for a minimum wage of 40 cents an hour and an equitable adjustment in wages which were above the minimum. Plaintiff’s bid was not made until after the promulgation and publication of this request on the part of the President. In addition, for at least two weeks prior to the time the bid was made plaintiff’s officers had been attending meetings of the silverware industry for the purpose of formulating a Code for this industry. At these meetings there was constant discussion of the necessity for increasing wages and shortening hours. So that plaintiff knew that there was a lively prospect of the necessity for increasing wages and shortening hours. Whether or not the accountant took into consideration this possibility, we do not know. There is some indication that he did, because the contract was not signed until more than a week after plaintiff had given notice to all of its employees that it would increase wages to a minimum of 35 cents an hour in accordance with the provisions of the Code agreed upon by the silverware industry, and that it would increase by 15 percent all wages in excess of this minimum. So, when plaintiff signed the contract it knew that the amount it would have 'to pay its laborers in performing the contract would be increased by about 15 percent; but it sighed it without protest *236 or without even mentioning the fact that the cost of performing it would be more than it had anticipated. This would indicate that when plaintiff submitted its bid, it took into account some increase in the wages it was then paying.
It also appears from the accountant’s figures that several items were included in the claim presented, the alleged increase in which could not have been a result of the National Industrial Recovery Act, if in fact there was any increase in these items at all. Included in the claim is an increase in the selling and distributing expenses, administrative expenses, and manufacturing “burden” or overhead, the latter of which includes, as the testimony shows, light and power. Any increase in these items could hardly have been the result of the passage of the National Industrial Recovery Act.
Independent of the ordinary rules of evidence, it is manifest that the computation of the accountant and the claim presented cannot be relied upon as proof of the increase due to the passage of this Act.
Plaintiff also undertook to prove the increase by taking the cost production records of 1940, and from them figuring what the cost would have been at the time the bid was submitted. This computation took into account the general increase in wages of 15 percent on August 7,1933, and another general increase of 10 percent on April 16,1934, and another of 5 percent on January 4,1931. But the testimony shows that in the meantime there had been a number of other changes in cost production which were not taken into account. Plaintiff’s witness admitted that these changes in costs might have included changes in the cost of labor as well as other items. It is clear, therefore, that any computation which takes into account only three changes in labor costs, when there were probably others, cannot be relied upon to establish the increase in cost. This computation also took into account an increase in the cost of manufacturing “burden” a number of items of which could hardly have been affected by the passage of the National Industrial Recovery Act. The witness who made the computation admitted that it was “merely a guess on my part.”
This testimony also fails to prove the increase in cost in *237 the performance of the contract brought about by the passage of the National Industrial Kecovery Act.
Due to the destruction of plaintiff’s records, from which the cost of production prior to the passage of the National Industrial Recovery Act and the increase in cost due to its passage could have been shown, plaintiff has been unable to prove its case.
It results that plaintiff’s petition must be dismissed. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.